IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TERRY M. KNIGHT,
    Plaintiff,

vs.                                              Case No. 5:10cv78/RS/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon a Petition for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), filed by David E. Evans, Plaintiff's counsel (hereinafter "the Petitioner") (Doc. 29). Also before the court is a response to the petition, filed by Defendant Commissioner of Social Security ("the Commissioner") (Doc. 31). Petitioner seeks an award, payable to him, of fees in the amount of $4,972.50 (Doc. 29 at 2). The Commissioner states that he does not contest the amount of fees requested by Petitioner but contends that the award is properly payable to Plaintiff, as the "prevailing party," not to Petitioner (*see* Doc. 31).

The EAJA, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided, 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty (30) days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

In Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA. Here, the court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of § 405(g) (*see* Docs. 26, 27). The application for fees was timely filed, and the Commissioner's position was not substantially justified.

Moreover, the Commissioner does not disagree that fees should be paid in this case (*see* Doc. 31). Accordingly, an award of fees is appropriate.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Petitioner seeks compensation for 32.5 hours in attorney fees at the rate of $125.00 per hour ($4,062.50), and 18.2 hours of paralegal fees at the rate of $50.00 per hour ($910.00), for time expended in representing Plaintiff in court-related proceedings and in obtaining an award of fees from the court. The Commissioner has represented to the court that he does not contest the reasonableness of the time claimed by Petitioner and his paralegal, nor the hourly rates. Thus, attorney fees totaling $4,972.50 should be awarded.

The remaining question concerns to whom the EAJA award is payable. In Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the Supreme Court resolved a split among certain Circuit Courts of Appeal and held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney. *See also* Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008) (same). The Court further held that because the EAJA award was "payable to the litigant," the government could offset the claimant's debt against that award. Ratliff, 130 S. Ct. at 2528–29. Thus, the award in this case is properly payable to Plaintiff.[1]

Accordingly, it respectfully **RECOMMENDED** that the Petition for Attorney Fees Under the Equal Access to Justice Act (Doc. 29) be **GRANTED** as follows:

> Plaintiff is entitled to recover attorney fees in the amount of $4,972.50, for time expended by Plaintiff's counsel in representing Plaintiff before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); the amount of attorney fees and hourly rates requested under the EAJA are reasonable; and the Commissioner is directed to pay Plaintiff that amount.

At Pensacola, Florida, this 7th day of February 2011.

s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Although the undersigned has recommended payment directly to a prevailing party's counsel instead of the prevailing party, post-Ratliff, the undersigned has done so in limited circumstances and only in cases where the prevailing party has assigned his or her interest in the EAJA award to counsel. No evidence of any such assignment is present in the instant case.

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).